UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUSSELL G MOSACK ET AL**      **CASE NO.  2:21-CV-01318**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**U S A A GENERAL INDEMNITY CO**      **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is "USAA General Indemnity Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 7) wherein USAA moves to dismiss this lawsuit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  Specifically, USAA maintains that Plaintiffs have failed to establish that the amount in controversy exceeds $75,000 to establish diversity jurisdiction over this lawsuit.

### BACKGROUND

This matter arises from Plaintiffs' insurance claim for property damage resulting from Hurricane Laura.  Plaintiffs also seek statutory penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1973 and 22:1892.

On May 3, 2021, Plaintiffs submitted their personal property inventory loss and a Sworn Proof of Loss which included deductions for prior payments and the policy deductible.[1] On that same day Plaintiffs submitted a detailed estimate of repairs to the building and other structures along with photographs of the damage.[2]

---

[1] Plaintiffs' exhibit B.
[2] Plaintiffs' exhibit A.

Plaintiffs assert that USAA has failed to properly and promptly adjust and pay Plaintiffs' claims and that their claims exceed the $75,000 threshold for this Court to have diversity jurisdiction.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.)  *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

USAA maintains that Plaintiffs have not proven that the jurisdictional amount is met for this Court to exercise jurisdiction based upon diversity. Specifically, USAA refers the Court to paragraph 25 of Plaintiffs' complaint which alleges that the amount purportedly paid by USAA GIC to date for Coverage A and B is $34,344.02 and in paragraph 28, Plaintiffs allege that their public adjuster's estimate "far exceeds Defendant's estimate." USAA maintains that at present it is without knowledge of contents, and that the Complaint lacks actual facts to establish the amount in dispute with specificity.

As noted above, Plaintiffs submitted to USAA a Sworn Proof of Loss, a detailed repair estimate with photographs of their building and other structures and personal property loss/damage. Plaintiffs' Sworn Proof of Loss, dated May 3, 2021, reflects deducted sums for prior payments and the policy deductible for a total amount of $103,711.46; the detailed estimate of building and other structures damages totaled $123,733.68. In addition, Plaintiffs seek to recover statutory penalties and attorney fees which they allege should be considered when assessing the mount in controversy. See *Gore v. Fidelity and Deposit Co., of Maryland,* 2007 WL 2350259, at *2 (W.D. La. June 6, 2007). ("Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under the circumstances, the Court is to consider claims for these items when it assesses the amount in controversy.) See e.g., *Poynot v. Hicks,* 2002 U.S. Dist. LEXIS (E.D. La. 2002).").

## CONCLUSION

The Court is satisfied that Plaintiffs have met their burden of establishing that the jurisdictional amount exceeds $75,000. Therefore, the Motion to Dismiss will be denied.

**THUS DONE AND SIGNED** in Chambers on this 19th day of October, 2021.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**